**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

DELVILLE BENNETT,

                              Plaintiff,

v.                                          9:17-CV-849
                                                   (GTS/CFH)

T. FLETCHER, et. al.,

                              Defendants.

---

APPEARANCES:

DELVILLE BENNETT
98-A-1110
Auburn Correctional Facility
P.O. Box 618
Auburn, New York 13021
Plaintiff pro se

**CHRISTIAN F. HUMMEL**
**United States Magistrate Judge**

**DECISION AND ORDER**

**I. INTRODUCTION**

      Plaintiff pro se Delville Bennett ("Plaintiff") commenced this civil rights action asserting claims arising out of his confinement in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS") at Franklin Correctional Facility ("Franklin C.F."). In a Decision and Order filed on November 16, 2017 (the "November Order"), the Court reviewed the sufficiency of the Complaint (Dkt. No. 1) in accordance with 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A. See Dkt. No. 7. Based on that review, the Court dismissed several causes of action and directed defendants Officer Robert J. McGrath

1

("McGrath") and T. A. Jiguer ("Jiguer") to respond to Plaintiff's racial discrimination claims and excessive force claims related to incidents that allegedly occurred on November 10, 2014, February 28, 2015, and August 19, 2016. See Dkt. No. 7 at 39, generally. The Court advised:

> If Plaintiff wishes to pursue any claim dismissed without prejudice, he is advised to that, if accepted for filing, any amended complaint will entirely replace the original complaint and incorporation of prior claims is not permitted.

Dkt. No. 7 at 39, n.15.

On December 5, 2017, Plaintiff filed a letter motion seeking an "unlimited" extension of time to file an amended complaint. Dkt. No. 9. The Court granted Plaintiff's application, in part, and directed Plaintiff to file his amended pleading on or before February 6, 2018. Dkt. No. 10. The Court cautioned:

> Plaintiff is reminded that his amended complaint must be complete pleading which, if accepted by the Court for filing, will supersede and replace the original complaint in its entirety. Any amended complaint should comply with the requirements of Rule 15 of the Federal Rules of Civil Procedure and this District's Local Rules of Practice. The Court takes no position at this time on the merits of any such amend complaint.

Dkt. No. 10.

On December 13, 2017, Plaintiff filed a pleading entitled "Prisoner Civil Rights Complaint." Dkt. No. 11. On January 3, 2018, Plaintiff filed a letter with the Court, dated December 29, 2017, and stated that he is "doing his best to perfect his Amended Complaint to meet his [d]eadline date on or before February 6th, 2018." Dkt. No. 14 at 1.

## II. DISCUSSION

The filing of amended pleadings is governed by Rule 15 of the Federal Rules of Civil Procedure. A party may amend, as of right, if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. See FED. R. CIV. P. 15. An amended complaint is intended to replace and supercede in its entirety the previous complaint. Once accepted for filing, the amended complaint becomes the operative pleading, and the original complaint is no longer considered. See Dluhos v. Floating & Abandoned Vessel, Known as New York, 162 F.3d 63, 68 (2d Cir. 1998) ("[I]t is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect.") (citing Shields v. Citytrust Bancorp, Inc., 25 F.3d 1124, 1128 (2d Cir. 1994)). This requirement is buttressed by the Local Rules of Practice of this District ("Local Rules"), which provide, in pertinent part, that amended pleadings must be complete pleadings which will supersede the original pleading in all respects. See N.D.N.Y.L.R. 7.1(a)(4). The Local Rules further state that a "party shall not incorporate any portion of its prior pleading into the proposed amended pleading by reference." Id. One of the purposes of the requirement that an amended complaint be itself a complete pleading is to ensure that all of the allegations asserted against the defendants are contained in a single document, thereby reducing the likelihood that a party will overlook one or more allegations against him. See Walker v. Fischer, No. 10-CV-1431 (MAD/DEP), 2012 WL 1029614, at *10 (N.D.N.Y. Mar. 26, 2012) (citation omitted).[1] This requirement also eliminates the confusing nature of "piecemeal" amended complaints. See Chapdelaine v. Keller, 9:95-CV-1126 (HGM/GS), 1999 WL

---

[1] Unpublished cases cited within this Decision and Order have been provided to plaintiff pro se.

34998130, at *1 (N.D.N.Y. Sep. 28, 1999). In other words, an amended complaint must include all of the allegations against each of the defendants against whom the case is going forward so that the amended complaint may stand alone as the sole complaint in the action. "While we have insisted that the pleadings prepared by [pro se litigants] be liberally construed . . . we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." McNeil v. United States, 508 U.S. 106, 113 (1993).

The submission presently before the Court is not in compliance with N.D.N.Y. Local Rule 7.1(a)(4). The submission does not include Plaintiff's original claims against McGrath and Jiguer and does not indicate whether Plaintiff intends to abandon those claims or supersede those allegations with his submission. Indeed, the caption of the pleading contains only one defendant, "Officer Coplan," who was not previously named as a defendant in the case. See generally Dkt. No. 11. In light of Plaintiff's January 2018 correspondence, it does not appear that Plaintiff intends this submission to serve as a replacement of his original Complaint.[2] As explained above, Plaintiff may not submit an amended complaint and at the same time proceed with the original complaint. Compliance with this Court's local rules is "not merely technical in nature." See Cusamano v. Sobek, 604 F. Supp. 2d 416, 508 (N.D.N.Y. 2009).

At this juncture, the Court will not accept the pleading, identified at Dkt. No. 11, as the Amended Complaint or the operative pleading. Accordingly, Plaintiff is directed to, within

---

[2] If the Court accepts the pleading as an Amended Complaint, Plaintiff will have exhausted his right to amend under Rule 15(a)(1). To file any further amendment or supplement, Plaintiff would be required to seek permission from the Court. See FED. R. CIV. P. 15(a)(2).

**SIXTY DAYS** of the date of this Order, submit a proposed amended pleading that complies with this Court's Local Rules **or** inform the Court that he intends to proceed with Dkt. No. 11 as the operative pleading, and if so, Dkt. No. 11 will fully replace the original complaint and all facts and claims therein.

### III.  CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that Plaintiff must comply with the directives set forth in this Order within **SIXTY (60) days**; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Decision and Order on plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: January 18, 2018
      Albany, New York

Christian F. Hummel
U.S. Magistrate Judge

5